United States District Court
Southern District of Texas
**ENTERED**
December 15, 2025
Nathan Ochsner, Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH EAST PINE VILLAGE HOMEOWNERS ASSOCIATION D/B/A PINE VILLAGE NORTH ASSOCIATION, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. H-25-5086 |
| CARLOS PENA, | § | |
| Defendant. | § | |

ORDER

Pending before the Court is Plaintiff North East Pine Village Home Owners Association's Motion to Remand (Document No. 4). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a matter involving a suit for possession of real estate. Plaintiff North East Pine Village Home Owners Association d/b/a Pine Village North Association obtained the property located at 12315 W. Village Dr., Unit #B, Houston, TX 77039 (the "Property") through a foreclosure sale on October 3, 2023. Plaintiff alleges that *pro se* Defendant Carlos Pena remained on the property despite Plaintiff's delivery of a notice to vacate delivered on September 5, 2024.

Based on the foregoing, on August 22, 2025, Plaintiff filed suit against Defendant Carlos Pena in the County Civil Court at Law #2 of Harris County, Texas, seeking to enforce their ownership of the Property.[1] On October 24, 2025, Defendant removed the case to this Court pursuant to federal question jurisdiction.[2] On November 19, 2025, Plaintiff filed the present motion to remand.[3] Defendant did not respond to Plaintiff's motion either by the date required under the Federal Rules of Civil Procedure or by the date of this Order.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *See Guillory v. PPG Indus.,*

---

[1] *See Notice of Removal*, Document No. 1, Exhibit 1 at 5 (*Plaintiff's Original Complaint*).

[2] *See Notice of Removal*, Document No. 1 at 3 (contending that federal question jurisdiction exists because Defendant has asserted claims under federal law).

[3] *Plaintiff North East Pine Village Home Owners Association's Motion to Remand*, Document No. 4 at 1.

*Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *see also Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A federal court may only assert subject matter jurisdiction over a matter when authorized by the federal constitution or by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). A federal court may exercise jurisdiction over any civil action arising under the federal constitution, statutes, or treaties. *See* 28 U.S.C. § 1331. A case arises under federal law when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Griffith v. Alcon Rsch., Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (per curiam).

## III. LAW & ANALYSIS

Plaintiff moves to remand this case back to state court, contending that the Court lacks subject matter jurisdiction and that removal was improper. Defendant did not respond to Plaintiff's motion to remand, failing to rebut or offer evidence to counter Plaintiff's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Defendant's failure to respond to the pending motion to remand, the Court will consider the merits of Plaintiff's motion. The Court construes all *pro se* filings liberally. *See Erickson v. Paradus*, 551 U.S. 89, 94 (2007).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).

Here, Plaintiff contends that removal is improper because "[r]emoval is untimely . . . [and] [n]ot all defendants have joined in the removal pursuant to 28 U.S.C. § 1446(b)(2)(A)."[4] Plaintiff further contends that the Court lacks subject matter jurisdiction because complete diversity does not exist, and because Plaintiff's claim does not arise under federal law.[5] Defendant offers no rebuttal. A review of the record in this matter reveals that Defendant was served with Plaintiff's Complaint on July 25, 2025, and that Defendant's Notice of Removal was not filed until October 24, 2025.[6]

Based on the foregoing, and the clear language of the statute requiring that a notice of removal be filed within 30 days after receipt of the complaint, the Court

---

[4] *Plaintiff North East Pine Village Home Owners Association's Motion to Remand*, Document No. 4 at 3–4.

[5] *See Plaintiff North East Pine Village Home Owners Association's Motion to Remand*, Document No. 4 at 2.

[6] *See Plaintiff North East Pine Village Home Owners Association's Motion to Remand*, Document No. 4, Exhibit 7 at 1 (*Return of Service Carlos Pena*); *Notice of Removal*, Document No. 1 at 1.

finds that Defendant's removal was untimely.[7] As such, the Court finds that removal was improper and that Plaintiff's Motion to Remand to the County Civil Court at Law #2 of Harris County, Texas should be granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff North East Pine Village Home Owners Association's Motion to Remand (Document No. 4) is **GRANTED.** This case is hereby **REMANDED** to the County Civil Court at Law #2 of Harris County, Texas.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 12 day of December, 2025.

DAVID HITTNER
United States District Judge

[7] Considering the Court's finding that Defendant's removal was untimely, the Court declines to consider Plaintiff's remaining arguments relating to the Court's federal question jurisdiction and Defendant's removal's insufficiencies under 28 U.S.C. § 1446(b)(1).